Dear Mr. Davis:
You have requested an opinion of the Attorney General in your capacity as Town Attorney for the Town of Arcadia ("Town").
Currently, the Town operates a self-insured dental plan under which each employee's and/or elected official's dental expenses are paid directly to the dental provider up to a maximum of $300 per individual per year. You ask whether continued participation in this plan is legally permissible.
In answer to your question, we initially draw your attention to Article VII, Section 14 of the 1974 Louisiana Constitution. Section 14(A) generally prohibits the loan, pledge and/or donation of public funds, credit and property to any person, association or corporation, public or private. Constitutional exceptions to this prohibition are found in Section 14(B) which provides, in pertinent part, the following:
 "Nothing in this Section shall prevent . . . (2) contributions of public funds to pension and insurance programs for the benefit of public employees;"
As can be seen from the above, the Constitution authorizes state and local entities (e.g., the Town) to fund insurance programs for public employees and/or officials. This authorization has been implemented by the Louisiana Legislature in R.S. 42:851 and 33:5151. Section 851 provides, in pertinent part, the following:
 "A.(1)(a) The state of Louisiana, through the Board of Trustees of the State Employees Group Benefits Program, and each of its governmental . . . subdivisions . . . are authorized to: (i) Procure private contracts of insurance covering their respective employees, officials, and department heads, or any class or classes thereof, and the dependents of such employees, officials, or department heads under a policy or policies of group health, accident, accidental death and dismemberment, and hospital, surgical, or medical expense benefits; or (ii) Adopt, administer, or operate or contract for all or a portion of the administration, operation, or both of a self-funded program for that purpose."
R.S. 33:5151 further provides as follows:
 "A.Any municipality or political subdivision of the state may make contracts of insurance with any insurance company legally authorized to do business in this state insuring their employees and officials under policies of group insurance covering hospitalization, and retirement, for such employees and officials and may agree to match the payments of the employees and officials for the premiums and or charges for any such contracts payable out of the funds of such municipality or political subdivision, respectively.
 B. Nothing in this Section or in R.S. 42:851
shall be construed to limit the contribution of a local governmental subdivision toward the payment of premiums for accident and health protection for its employees or their dependents, or both."
As can be gleaned from the above, the Town is authorized to procure private contracts of insurance for its employees and officials under a policy or policies of group health, accident, hospital, surgical and/or medical expense benefits or to adopt, administer or operate a self-insured program for the same purposes. We are of the opinion that both health protection and medical expenses include expenses relating to dental care. In accord is Attorney General Opinion No. 74-1661.
In addition, we find the $300 reimbursement for dental services constitutes a related benefit and/or compensation of the employees and elected officials. In accord are Attorney General Opinion Nos. 94-316, 92-547, 91-314, 90-106 and 83-282. Accordingly, as to elected officials, Article X, Section 23 of the 1974 Louisiana Constitution and R.S. 33:404.1 would prohibit the elimination and/or reduction of these payments during the terms for which the officials have been elected.
Thus, it is the opinion of this office that the Town of Arcadia may continue to implement the policy whereby all elected officials' and employees' dental expenses are paid up to a maximum of $300 each per year under the Town's self-insured plan.
Should you have any additional questions concerning this matter, please do not hesitate to contact me. With kindest regards, I am.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla
Date Received:
Date Released: June 24, 1996
Robert E. Harroun, III Assistant Attorney General